## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————  )
)
**VICTORIA PREVATT,**                                )
)
**Plaintiff,**                      )
)
v.                                          )          **Civil Action No. 02-1775 (RCL)**
)
**ISLAMIC REPUBLIC OF IRAN,** *et al.,*    )
)
**Defendants.**                       )
———————————————————  )

## <u>MEMORANDUM OPINION</u>

Presently before the Court is plaintiff's Motion [46] for Relief From Judgment.  The

motion seeks to modify this Court's March 27, 2006 Judgment entered in favor of plaintiff to

include an award of punitive damages against defendants the Islamic Republic of Iran and the

Iranian Islamic Revolutionary Guard Corps ("IRGC").  At the time this Court issued its Final

Judgment in this action, it declined to award punitive damages against any defendant.  Plaintiff's

current motion relies upon Rule 60(b) of the Federal Rules of Civil Procedure and is premised

upon section 1083 of the recently enacted National Defense Authorization Act for Fiscal Year

2008 (the "NDAA"), Pub. L. No. 110-181, 122 Stat. 3, as signed by the President and enacted

into law on January 28, 2008.  Section 1083(a) revised the Foreign Sovereign Immunity Act's

("FSIA"), terrorism exception by repealing § 1605(a)(7) of Title 28 of the United States Code

and enacting a new section to be codified at § 1605A of the same title.  Section 1605A creates a

private, federal cause of action against a foreign state that is or was a state sponsor of terrorism,

and provides, *inter alia*, that punitive damages may be awarded.  *See* 28 U.S.C § 1605A(c).

Section 1083(c) of the NDAA, which is titled "Application to Pending Cases," provides that upon motion made by plaintiff, the amendments to the FSIA made by section 1083 shall apply to any action that (1) was brought under § 1605(a)(7) before January 28, 2008; (2) relied upon that provision as creating a cause of action; (3) has been adversely affected on grounds that § 1605(a)(7) fails to create a cause of action against the foreign state; and (4) as of the date of enactment (January 28, 2008), is before the courts in any form, including on appeal or motion under rule 60(b) of the Federal Rules of Civil Procedure. *See* Pub. L. No. 110-181, 122 Stat. 3, § 1083(c)(2)(A); *see also Simon v. Republic of Iraq*, Nos. 06-7175, 06-7178, slip op. at 9 (D.C. Cir. June 24, 2008) (recognizing that section 1083(c) sets forth the circumstances upon which plaintiffs with pending cases may invoke § 1605A). Thus, plaintiff's motion to modify this Court's Judgment under section 1083(c) should be granted only if the action meets each of the four requirements set forth in that provision.

Plaintiff's motion does not satisfy the fourth requirement of section 1083(c)(2)(A)—that the action was "before the courts in any form" as of January 28, 2008. This Court entered a final judgment in favor of plaintiff on March 27, 2006. The Judgment was not appealed and there were no pending motions before the Court as of January 28, 2008. Accordingly, this Court finds that the instant action was not "before the courts in any form" as of the NDAA's date of enactment, and therefore plaintiff's motion for relief from judgment pursuant to section 1083(c) shall be denied.

A separate order shall issue this date.

SO ORDERED.

Signed by Royce C. Lamberth, Chief Judge, July 22, 2008.